# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Khalafala Moham Khalafala,<br>Plaintiff<br>-vs-<br>F. Arangure, et al.,<br>Defendants. | CV-11-1636-PHX-ROS (JFM)<br><br>**Report & Recommendation** |

Plaintiff has failed to effect timely service of the only remaining defendant in this action, or to show cause why the case should not be dismissed. Accordingly, the undersigned recommends that this action be dismissed.

In the Court's Scheduling Order filed December 15, 2011 (Doc. 22), the Court reminded Plaintiff that the deadline for service in this matter was December 17, 2011. In an order filed January 20, 2012, the Court granted Plaintiff's Motion to Extend and extended the time for service to April 6, 2012. On January 19, 2012, the Court directed Defendant Kane to file a last known address for Defendant Funchess, who is now the sole remaining defendant in this action. Defendant Kane complied on January 26, 2012 (Doc. 29), providing an address for Funchess's employer, STGI, an independent contractor.

To date, Plaintiff has failed to served Defendant Funchess, has not sought a timely extension, and appears to have taken no action in furtherance of service Defendant Funchess. Moreover, in the interim, Plaintiff has settled with all other defendants. (Doc. 32, Stipulation; Doc. 37, Order.)

1

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

Accordingly, on April 9, 2012, the Court ordered (Doc. 39) Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service as to Defendant Funchess. Plaintiff has not responded, and the time to do so has now run.

**IT IS THEREFORE RECOMMENDED** pursuant to Federal Rule of Civil Procedure 4(m) that this case be **DIMISSED WITHOUT PREJUDICE** as to Defendant Funchess.

**IT IS FURTHER RECOMMENDED** that a final judgment dismissing this case be entered.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: May 1, 2012

11-1636o Order 12 04 30 re RR re Dismiss FTSrv.docx

James F. Metcalf
United States Magistrate Judge